## STATE ex FRAME et v
## COUNCIL OF WAPAKONETA (city) et

Ohio Appeals, 3rd Dist, Auglaize Co

No 106.   Decided Aug 25, 1934

## OPINION

By THE COURT

In the case of **Link et v Public Utilities Commission of Ohio et, 102 Oh St 336, §4, Article 18 of the Ohio Constitution** was held to be self-executing, and upon the reasoning in that case, §§5 and 8 of such article are also self-executing.

In the case of **State ex City of Lakewood v Bernsteen et, 115 Oh St page 722,** it was held that the selection of a day upon which a general election for state and county officers is to be held for a special election on an amendment to the charter of the city, violates no provision of the Constitution of the State of Ohio. A referendum election upon an ordinance of the character set forth in the petition herein, is governed by the same constitutional provisions relating to an election on the submission of an amendment to a municipal charter, and consequently the selection of the same day on which the general election for state and county officers is to be held, for a special referendum election on such ordinance, violates no provision of the constitution.

Under the provisions of **§8 of Article 18, Ohio Constitution,** the date of the passage of the ordinance providing for the submission of question is the time from which the period in which the election is to be held, must be computed and the date of the passage of the ordinance in question is such that the date selected comes within the period specified in said section.

Under said section, discretion is conferred on the legislative authority of any city to submit the question at a special election to be held within not less than sixty nor more than one hundred and twenty days from the passage of the ordinance of submission. As the time for the election fixed by the ordinance of submission is within the competent constitutional period, the discretion of the legislative authority in selecting such date was not abused, hence mandamus does not lie.